UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RUSSELL HEWITT                              CIVIL ACTION NO. 13-cv-2404

VERSUS                                      JUDGE FOOTE

MARCUS BEDFORD, ET AL                       MAGISTRATE JUDGE HORNSBY

## J U D G M E N T

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein [Record Document 60], and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment [Record Document 46] is **GRANTED** and all claims against all the Defendants are **DISMISSED with prejudice** as malicious under 28 U.S.C. § 1915(e).

In adopting the Magistrate Judge's Report and Recommendation, the Court has examined the evidence the Plaintiff proffered with his objections to the Report and Recommendation and, as part of its review, will not consider this additional evidence. The Fifth Circuit explains:

> [I]t is clear that the district court has wide discretion to consider and reconsider the magistrate judge's recommendation. In the course of performing its open-ended review, the district court need not reject newly-proffered evidence simply because it was not presented to the magistrate judge. Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence.

Performance Autoplex II Ltd. v. Mid-Cont'l Cas. Co., 322 F.3d 847, 862 (5th Cir. 2003)

(quoting Freeman v. Cnty. of Bexar, 142 F.3d 848, 852 (5th Cir. 1998)).

Here, in considering the factors set forth by the Fifth Circuit to determine when accepting or rejecting additional evidence may be appropriate,[1] the Court finds the three sworn declarations that the Plaintiff proffers should not be considered because they were available to the Plaintiff when he initially filed his opposition to the Defendants' Motion for Summary Judgment, and he has offered no explanation for why he failed to provide these declarations at that earlier stage of litigation. See Performance Autoplex II Ltd., 322 F.3d at 862; Calvasina v. Wal-Mart Real Estate Bus. Trust, 899 F. Supp. 2d 590, 613 (W.D. Tex. 2012). Rather than providing truly new evidence that was unavailable to him earlier, these proffered declarations demonstrate an attempt by the Plaintiff to use the Report and Recommendation as a sounding-board to ameliorate the evidentiary defects in his case. Performance Autoplex II Ltd., 322 F.3d at 862; Calvasina, 899 F. Supp. 2d at 613, 620. However, in an abundance of caution, even assuming this Court considered these proffered declarations, the Court does not find that they raise a factual issue that any of the Defendants acted with deliberate indifference to the Plaintiff's serious medical needs sufficient to overcome the Defendants' Motion for Summary Judgment. See Calvasina, 899 F. Supp. 2d at 620.

Additionally, the Court will not consider the MRI report that the Plaintiff attached to his objections either, even though this report was unavailable to the Plaintiff at the

---

[1] The Fifth Circuit explained that there are several factors a district court should consider when deciding whether to accept such additional evidence after a report and recommendation, including:

(1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

Performance Autoplex II Ltd., 322 F.3d at 862.

time he filed his opposition to the Defendants' Motion for Summary Judgment. While this MRI report may support the Plaintiff's claim regarding the seriousness of his medical needs at the time of the fall, allowing such evidence at this late stage would be unduly prejudicial to the Defendants. Performance Autoplex II Ltd., 322 F.3d at 862; Calvasina, 899 F. Supp. 2d at 613, 620. Moreover, as the Defendants note, there are multiple potential causes of the Plaintiff's injury, and the MRI report does not provide evidence as to what caused this injury or how long that injury has existed. See Record Document 69-1, p. 4. Even considering the Plaintiff's MRI report as evidence, it fails to show that the injury existed at the time of the Plaintiff's fall or that the Defendants were actually aware of this injury. Therefore, the Court cannot find that this report creates a factual issue regarding the Defendants' alleged deliberate indifference to the Plaintiff's serious medical needs that overcomes the Defendants' Motion for Summary Judgment.

Accordingly, the Defendants' Motion for Summary Judgement [Record Document 46] is **GRANTED** and all the claims against all the Defendants are **DISMISSED with prejudice** as malicious under 28 U.S.C. § 1915(e). Any motion that may be pending in this matter is **DENIED as moot**.

**THUS DONE AND SIGNED** on this the ___ day of January, 2015.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE